JACOB GINSBERG, Doing Business as the WELLMADE JUNIOR CLOTHING COMPANY, Plaintiff, Appellant, *v.* GEORGE V. MARTIN, Defendant, Respondent.

Supreme Court, Appellate Term, First Department, January — Filed February. 1924.

**Bankruptcy — action for conversion against receiver of bankrupt's assets — proposed purchaser adjudicated a bankrupt a few days after plaintiff delivered goods on memorandum with option to take title — receiver disposed of property at public sale in disregard of plaintiff's notice claiming ownership — option on goods not exercised — when title to goods deemed to remain in plaintiff — judgment reversed and new trial ordered.**

A few days after the delivery of goods by plaintiff, on memorandum with option to take title upon certain conditions, the proposed purchaser was adjudicated a bankrupt and his receiver in bankruptcy, in disregard of a notice served upon him by plaintiff that he was entitled to the possession of the goods as owner, disposed of them at public sale with the other assets of the bankrupt. In an action for conversion brought against the receiver individually, *held*, that the option not having been exercised, the title to the goods remained in plaintiff at the time of the bankruptcy and that a judgment in defendant's favor will be reversed and a new trial ordered, with costs to abide the event.

APPEAL by plaintiff from a judgment of the Municipal Court of the city of New York, borough of Manhattan, sixth district, in favor of defendant, after a trial by a judge without a jury.

*Winston & Goddard (Jay Winston, of counsel), for appellant.*

*Alex S. Marcuson (S. J. Rawak, of counsel), for respondent.*

*Per Curiam.* Plaintiff delivered 110 suits to one Blau on the 29th of September, 1922. The receipt or invoice which accompanied the goods bears the words " on memorandum." A few days later Blau became bankrupt and defendant was duly appointed receiver. A notice was served by plaintiff upon the receiver that he was the owner of the goods and entitled to their possession. In disregard of this notice the receiver disposed of them at public sale with the other assets of the bankrupt. Upon these facts this action was brought for conversion against the receiver individually.

A consideration of these deliveries on memorandum by the Supreme Court of the United States in *Sturm* v. *Boker*, 150 U. S. 312; *Ludvigh* v. *Am. Woolen Co.*, 231 id. 522, and by the District Court for this district in *Matter of Schindler*, 158 Fed. Rep. 458, has resulted in a clear distinction between two classes of cases. In the one a delivery to a proposed purchaser with an option in the purchaser to return the goods and thus revest title in the seller is

sometimes spoken of as a contract of sale or return. The other class of cases is one in which there is an option in the purchaser to take title upon certain conditions. In the latter class title does not pass until the option is exercised, and in the meantime the title and the right to immediate possession remain in the seller. Sales on memorandum belong to this latter group, and in view of the fact that the title to the goods in the case at bar remained in the seller at the time of the bankruptcy, the judgment must be reversed and a new trial ordered, with thirty dollars costs to appellant to abide the event.

All concur; present, Bijur, Mullan and Lydon, JJ.

Ordered accordingly.